# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY DOCKERY, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 09-732 |
| | ) | Judge McVerry |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendant Chris Meyer's (inaccurately listed as "Myers" in the caption) Motion to Dismiss (Doc. 51) be granted in part and denied in part.

### II. REPORT

Plaintiff is a state prisoner who has filed a lengthy civil rights complaint pursuant to 28 U.S.C. § 1983 against numerous named Defendants (Doc. 5). Plaintiff filed an Amended Complaint on August 19, 2009 (Doc. 17) that also incorporates the allegations in the initial Complaint. Defendant Meyer moves to dismiss (Doc. 51) and Plaintiff has responded to the motion (Doc. 90).

Plaintiff alleges that Defendant Meyer, a Physician's Assistant, did two things that violated his constitutional rights. First, Meyer "violated the Eight[h] Amendment when he diagnosed [a] lump in Plaintiff as cancerous by failed to treat him" (Doc. 90, p. 6). Plaintiff does not allege when this occurred. In his original Complaint, Plaintiff asserts that Meyer examined a "lump" on Plaintiff's shoulder and informed Plaintiff "that although [the] lump is cancerous it is

not serious and needs no treatment" and further that "all people as they get old get the same lumps as a result of old age." (Doc. 5, ¶ 62). Second, Plaintiff alleges that Meyer inaccurately recorded Plaintiff's weight as being 190 pounds on one occasion, and later, in an effort to "cover up" this inaccuracy, he correctly listed Plaintiff's weight as 160 pounds (Doc. 5, ¶¶ 63, 72).

### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis.

#### 1. Failure to treat cancer.

Plaintiff alleges that Defendant Meyer diagnosed Plaintiff with a cancerous lump, but then denied him treatment. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. <u>Id</u>. Notably, even where there is a serious medical condition, a prisoner

2

also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Twombly, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992).

Meyer argues that no facts have been alleged that would permit a jury to infer that he believed Plaintiff to be suffering from a serious medical condition. Meyer notes that he is alleged to have informed Plaintiff that his condition was "not serious" and "needs no treatment" (Doc. 5, ¶ 62). If Meyer did not believe that Plaintiff required medical treatment, then a jury cannot infer that Meyer acted with deliberate indifference. Indeed, that is one way to characterize Plaintiff's allegations.

However, the Court must read a *pro se* pleading liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Another reasonable characterization of Plaintiff's allegations is that Meyer ignored an obvious need for medical treatment, and that this can be inferred from the alleged seriousness of the condition. Meyer is alleged to have informed Plaintiff that the lump on his shoulder was cancer (Doc. 5, ¶ 62). The Court must accept this allegation as true at this stage. It is sufficient at the pleading stage for Plaintiff to allege circumstantial evidence that the necessary course of action was so obvious, and the actual course of action taken was so unresponsive, that Meyer must have been aware of and disregarded it. Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (at the summary judgment stage, "subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk."). Here, although the facts pled by

Plaintiff seem unlikely (a physician's assistant diagnosing cancer but refusing to offer treatment), they are at least plausible. Plaintiff's ability to present evidence that he actually suffers from cancer, and that he was in need of treatment for his condition, can be tested at the summary judgment stage. The motion to dismiss should be denied in this respect.

### 2. Inaccurate weight.

Plaintiff alleges that Meyer incorrectly listed Plaintiff's weight as 190 pounds (no specific date is given) even though Plaintiff had been on a hunger strike for the previous 8 days to protest his placement in a Psychiatric Observation Cell (Doc. 5, ¶ 63). At a later date, February 20, 2009, Meyer is alleged to have recorded Plaintiff's weight as 160 pounds (Doc. 5, ¶ 72). Plaintiff argues in his brief that the latter entry was "an attempt to cover up" the prior, inaccurate entry of 190 pounds (Doc. 90, p. 8). The Court cannot discern a constitutional claim from these allegations. Meyer certainly did not deny Plaintiff any necessary medical care, and any inaccuracies in recording Plaintiff's weight do not themselves support a finding that Meyer was deliberately indifferent to any serious medical condition. In fact, Plaintiff's allegations make clear that he was in control of the medical condition at issue; i.e., any weight loss Plaintiff suffered was attributable to his own decision to refuse to eat. Likewise, the necessary "treatment" for Plaintiff's condition was also within his control (and, apparently, Plaintiff ultimately did take the necessary step of resuming the consumption of food). Plaintiff's claim that Meyer denied him necessary medical care when he inaccurately recorded his weight must be dismissed because it is not facially plausible.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Plaintiff has already amended his complaint once, and the Court

cannot conceive of any amendment that would cure the defect in his claim concerning Meyer's alleged inaccurate recording of Plaintiff's weight.

### III. CONCLUSION

It is respectfully recommended that Defendant Meyer's Motion to Dismiss (Doc. 51) be granted in part and denied in part as stated above.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by September 3, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 20, 2010  s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
TIMOTHY DOCKERY
BK-8487
SCI Cresson
Box A
Old Route 22
Cresson, PA 16699-0001