IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY DOCKERY,            )
                            )
          Plaintiff,        )    Civil Action No. 09-732
                            )    Judge McVerry
     v.                     )    Magistrate Judge Bissoon
                            )
JEFFREY A. BEARD, *et al.*, )
                            )
          Defendants.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by the DOC Defendants[1] (Doc. 55) be granted in part and denied in part.

### II. REPORT

Plaintiff is a state prisoner who has filed a lengthy civil rights complaint pursuant to 28 U.S.C. § 1983 against numerous named Defendants (Doc. 5). Plaintiff filed an Amended Complaint on August 19, 2009 (Doc. 17), that also incorporates the allegations in the initial Complaint. Thirteen of the DOC Defendants have moved to dismiss the claims against them (Doc. 55). The remaining DOC Defendants have answered the Complaint (Doc. 54). Plaintiff has responded to the motion (Doc. 93) and it is ripe for disposition.

    A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true,

---

[1] Defendants T. Riskus, Lesure, Berto, Bittner, Johnson, Griffin, Collins, Dobis, Ricket, Jennings, Ankron, Vojacek, R, Tretinik, Tony, Jennifer Williams, David W. Neal, Jeffrey A. Beard, Raymond J. Sobina, Brian V. Coleman, Christine Kennedy, D. P. Burns, Rhonda House, Popovich, Bush, Kerri Cross, F. Nunez and Legget, all Department of Corrections ("DOC") employees, will be referred to collectively as the "DOC Defendants."

no relief could be granted under any "reasonable reading of the complaint" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis.

The allegations against the individual moving Defendants will be addressed *seriatum*.

#### 1. Defendant Sobina.

Defendant Sobina is the Superintendent of the State Correctional Institution at Forest ("SCI-Forest"). Sobina is alleged to have caused his subordinates to retaliate against Plaintiff on two occasions. First, Plaintiff's sister wrote a letter to Sobina complaining about Plaintiff's treatment and, after this letter was received, false misconduct reports allegedly were filed against Plaintiff by other Defendants (Doc. 5, ¶¶ 30-33). Sobina then upheld the misconduct convictions on appeal (Doc. 5, ¶¶ 32-33). Second, Plaintiff sent a letter to a Pennsylvania State Police Trooper complaining about actions taken by prison personnel, and Sobina is alleged to have shared this information with subordinates, thereby causing further misconduct allegations against Plaintiff (Doc. 5, ¶ 38). Plaintiff alleges that Sobina's failure to correct the actions of his subordinates constitutes "silent approval" of their actions (Doc. 5, ¶ 37).

Section 1983 liability is premised upon an individual state actor's involvement in the deprivation of rights and, accordingly, supervisory liability may not be premised solely upon a theory of *respondeat superior*. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

2

Rather, some personal involvement of the supervising official must be alleged. Id. A supervisory official sued in a civil rights action can be found liable only when that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). In fact, supervising officials are under no "affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." Id. Supervisory liability for Section 1983 violations can only be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995).

Plaintiff has failed to allege personal involvement by Defendant Sobina in any of the alleged underlying constitutional violations. Instead, Plaintiff has alleged that Sobina is responsible for the actions taken by his subordinates based merely on Sobina's supervisory position. These are classic allegations of *respondeat superior* liability, and Plaintiff does not state a claim against Defendant Sobina. More specifically, Plaintiff's allegations that Sobina failed to correct actions taken by his subordinates after informal complaints by Plaintiff, or during a formal administrative appeals process, are simply not sufficient to establish supervisory liability. Jefferson v. Wolfe, 2006 WL 1947721 at *17 (W. D. Pa. July 11, 2006) (McLaughlin, J.) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. Sept. 5, 1997) (concurrence in an administrative appeal process is insufficient to establish personal involvement). The motion to dismiss should be granted with respect to all claims raised against Defendant Sobina.

3

**2. Defendant Kennedy.**

Plaintiff's only claim against Defendant Kennedy is that she failed to respond to a "formal complaint" Plaintiff made concerning allegedly fabricated misconduct reports filed by other Defendants (Doc. 5, ¶ 35). Again, this is insufficient to establish Kennedy's personal involvement, or to impose supervisory liability. Jefferson, supra; Watkins, supra.

Plaintiff also argues in his brief (although there is no parallel allegation in his Complaint or Amended Complaint) that Kennedy failed to "process" two grievances. The Court interprets this as a claim that Kennedy denied Plaintiff his right to due process. Although this suffices for purposes of alleging Kennedy's personal involvement in a claim, it is well established that inmate grievance procedures do not confer a liberty interest protected by the Due Process Clause. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988); Wilson v. Horn, 971 F.Supp. 943, 947-48 (E.D. Pa. 1997), aff'd. 142 F.3d 430 (3d Cir. 1998). Prison regulations establishing a grievance procedure do not give rise to a liberty interest because they confer only procedural protections on inmates, not substantive rights. Id.; See also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, even if Plaintiff were to amend his Complaint to include the allegations he raises in his brief, i.e., that Defendant Kennedy refused to process two of his grievances, Defendant Kennedy still would be entitled to have this claim dismissed for failure to state a claim. Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (failure to process grievances does not state a Section 1983 claim).

### 3. Defendant Coleman.

Plaintiff alleges that Defendant Coleman, Superintendent of that State Correctional Institution at Fayette ("SCI-Fayette"), failed respond to "several requests to staff" concerning Plaintiff's complaint that Defendant Collins denied Plaintiff access to his personal property (Doc. 5, ¶ 50). Plaintiff alleges that he was then forced to file grievances concerning the property issue (Id.). Plaintiff cannot state a claim against a supervisor premised upon a failure to correct a subordinate's actions. Brown, supra.

Plaintiff also argues that Coleman rejected his appeals in several administrative review proceedings (appeal from the decision to place him in segregate confinement, review of grievance appeals, and review of misconduct proceedings) (Doc. 93, pp. 7-11). Plaintiff cannot make Coleman responsible for the actions of his subordinates premised solely upon Coleman's status as supervisor, nor due to his involvement in addressing administrative review proceedings or other complaints made by a prisoner. Jefferson, supra; Watkins, supra. The claims against Defendant Coleman should be dismissed.

### 4. Defendants Cross and Nunez.

Defendant Cross is a Hearing Examiner who handled a misconduct proceeding on June 15, 2007 (Doc. 5, ¶ 32). She found Plaintiff guilty even though Plaintiff argued that the complaining officer, Sergeant Berto, failed to log the misconduct report (Id.). Cross is also alleged to have violated DOC policy by dismissing Misconduct No. 775397, but including the $620 assessment of costs against Plaintiff in Misconduct No. 735756 (Doc. 5, ¶ 58).

All that is required of a misconduct proceeding is that the inmate be afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports. Smith v. Mensinger, 293 F.3d 641, 653-654 (3d Cir. 2002). In fact, no due

process claim is stated when a prisoner alleges that the misconduct charges were fabricated. Id. Plaintiff cannot, therefore, state a due process claim merely because Cross did not rule in Plaintiff's favor. Superintendent v. Hill, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if some evidence supports decision by disciplinary board to issue sanctions). Likewise, even if Cross violated prison regulations in her handling of a misconduct proceeding, this does not give rise to a constitutional claim, because Plaintiff admits he was permitted to present a defense to the charges. Id.

Petitioner alleges that Defendant Nunez dismissed a misconduct report without prejudice so that it could be rewritten (Doc. 5, ¶ 47). Plaintiff was later convicted of the rewritten misconduct (Id.). Again, Plaintiff fails to allege a plausible claim because he has not alleged that he was deprived of the opportunity to present a defense. The claims against Cross and Nunez should be dismissed.

### 5. Defendant Tretnik

Defendant Tretnik is a alleged to have "upheld" a medical co-pay of $10 imposed by Nurse Tony (Doc. 5, ¶ 64). This is a pure allegation of *respondeat superior* liability, and does not state a claim against Defendant Tretnik. Rode, supra; Jefferson, supra; Watkins, supra.

### 6. Defendants Burns and Popovich.

Defendants Burns (Deputy Superintendent at SCI-Fayette) and Popovich were members of the Program Review Committee that recommended Plaintiff be placed in the Special Management Unit ("SMU") at SCI-Fayette (Doc. 17, , ¶¶ 1-2). Plaintiff alleges that he "successfully challenged that decision" but he was placed in the SMU for 9 months regardless (Doc. 5, ¶ 4). Defendants move to dismiss on the basis that Plaintiff has failed to allege that these Defendants were personally involved in the underlying constitutional deprivation. On the

contrary, however, Plaintiff clearly alleges that both Defendants took part in the challenged decision. Therefore, this is not a situation where Defendants are alleged to have acted solely in a supervisory capacity, and the motion to dismiss should be denied in this respect.

### 7. Defendants Beard and House.

Defendants Beard and House move to dismiss because there are no factual allegations in the Complaint or he Amended Complaint that mention them. Plaintiff has not addressed this argument in his response to the motion to dismiss. The motion to dismiss should be granted with respect to Defendants Beard and House.

### 8. Defendant Williams.

Defendant Jennifer Williams is the mail room clerk at SCI-Fayette. She moves to dismiss on the basis that there are no factual allegations in the Complaint addressed to her. Plaintiff argues **in his brief** that Williams opened his outgoing mail, and specifically his Complaint in this case (Doc. 93, p. 16). If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Plaintiff should be permitted to amend his Complaint to include any specific factual allegations he wishes to make against Defendant Williams.

### 9. Defendant Neal.

Plaintiff alleges that he sent Pennsylvania State Trooper Neal a letter complaining about an alleged threat made against Plaintiff by prison personnel, but that Neal forwarded that letter to prison personnel instead of conducting an investigation himself (Doc. 5, ¶¶ 38-40). Plaintiff argues that Neal endangered him by reporting his letter to the very prison authorities Plaintiff sought to have investigated, and that Neal violated his constitutional rights by failing to

investigate his allegations (Doc. 93, p. 15). Defendant Neal correctly notes that Plaintiff does not possess an individual right to the prosecution of alleged criminals. Capogrosso v. The Supreme Court of New Jersey, 588 F. 3d 180, 184 (3d Cir. 2009). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has not alleged that Neal's actions deprived him of a federal constitutional or statutory right. Therefore, the claim against Defendant Neal should be dismissed.

### III. CONCLUSION

It is respectfully recommended that the Partial Motion to Dismiss filed by the DOC Defendants (Doc. 55) be granted in part and denied in part as set forth above, without prejudice to Plaintiff's right to amend his Complaint as indicated.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by September 3, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 20, 2010  s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
TIMOTHY DOCKERY
BK-8487
SCI Cresson
Box A
Old Route 22
Cresson, PA 16699-0001