# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-732 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Timothy Dockery's complaint, which alleges violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983, was filed on June 8, 2009.

Currently before this Court are two motions filed by Plaintiff. The first is Plaintiff's motion to compel discovery, (Doc. 112), in which Plaintiff seeks to compel Defendant Myers to produce (1) copies of Plaintiff's grievances; (2) Plaintiff's medical records; and (3) responses to Plaintiff's interrogatories. Plaintiff also seeks sanctions. Id. at 2. Defendant Myers responded to this motion by (1) indicating that he did not have the grievance records that Plaintiff sought; (2) averring that he was not authorized to give Plaintiff his medical records, but that the Department of Corrections ("DOC") had procedures to allow Plaintiff to view them; and (3) submitting copies of his responses to Plaintiff's interrogatories.

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly. See Rega v. Beard, No. 08-156, 2010 WL 2404420, at *1 (W.D.Pa. June 10, 2010) (Bissoon, Mag.J.).

Rule 37 of the Federal Rules of Civil Procedure allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. However, "[t]he party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Opinion One Mortg. Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 WL 648986, at *2 (M.D. Pa. Mar 11, 2009) (internal citations and quotes omitted). Additionally, discovery may be properly limited where

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Given Defendant Myers's response, the issue of Plaintiff's interrogatories is moot. The motion to compel production of Plaintiff's grievance file and medical files – to the extent that they were not produced as part of Defendant Myers's motion for summary judgement (Docs. 113, 116), will be denied. Defendant Myers cannot produce something that he does not possess, and, as he stated in his response, the DOC has procedures that allow Plaintiff to view and purchase copies of these documents himself. See DC-ADM 003. Additionally, in light of the above analysis, sanctions would not be justified.

Next, Plaintiff moves this court to strike Plaintiff's deposition, alleging deviations from Rule 30 in the form of the deposition, and that his answers were "unclear, illegible [sic] and rambling while the Defendants [sic] attorneys [sic] questions [were] very clear and legible [sic]."

Plaintiff's objections to the deposition, generally, are unpersuasive. Plaintiff failed to raise his objections to any irregularities in the notice of deposition, or the deposition itself, until 83 days after the deposition had been completed. (Doc. 116-7) at 2; see also (Doc. 123) at 2. Assuming, *arguendo*, that Plaintiff was not given a copy of the deposition transcript until it was served on him as part of Defendant Myers's motion for summary judgment on December 17, 2010, see (Doc. 115) at 11, he waited 51 days to attempt to challenge the content of the transcript – well beyond the 30 days allowed under Federal Rule of Civil Procedure 30(e). Additionally, Plaintiff's objections do not contain specific allegations of discrepancies or errors. At most, he indicates that a conversation that he had with counsel regarding the loss of a number of grievances when some of his property allegedly was lost was not contained in the transcript.[1] (Doc. 123) at 2. While Plaintiff points to one page in the transcript where he believes that the mention of such a conversation would be most appropriate, a review of the transcript itself indicates shows no interruption in Plaintiff's testimony. (Doc. 116-7) at 28. To the contrary, there is no indication in the transcript of any omissions of Plaintiff's testimony. Additionally, there is no argument by Plaintiff that this conversation was conducted on the record.

It is clear that Plaintiff is unhappy with the outcome of his deposition. However, this is not a sufficient reason to strike the deposition and order it to be redone. Accordingly, this motion will be denied.

---

[1] The undersigned notes that Plaintiff itemized his allegedly lost property in the initial complaint in great detail. See (Doc. 5) ¶ 51.

AND NOW, this 25th day of August 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to compel (Doc. 112) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to strike his deposition (Doc. 123) is DENIED.

IT IS FURTHER ORDERED that in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules for Magistrates, objections to this order must be filed by September 8, 2011. Failure to file objections will waive the right to appeal. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
**TIMOTHY DOCKERY**
BK-8487
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931