IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-732 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| JEFFREY BEARD, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendant Myers's motion for summary judgment (Doc. 113) be granted. It also is recommended that Plaintiff's claims against Defendant Williams be dismissed for failure to prosecute. Finally, it is recommended that Defendant Lieutenant Vojacek be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. REPORT

Timothy Dockery ("Plaintiff") currently is a state inmate incarcerated at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"). Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1983, *et seq.*, against numerous named Defendants. (Doc. 5). Plaintiff filed an amended complaint on August 19, 2009, that incorporates the allegations in the initial complaint. (Doc. 17) This civil action commenced with the receipt of the initial complaint on June 8, 2009. (Doc. 1-2). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on June 9, 2009. (Doc. 4). Defendant Myers filed the

instant motion for summary judgment on December 17, 2010. (Doc. 113). As of the date of this writing, Plaintiff has failed to file a response. This motion is ripe for disposition.

A. Analysis

1. **Defendant Myers**

Plaintiff's sole remaining legal claim with respect to Defendant Myers is that he examined Plaintiff concerning a lump on his shoulder, diagnosed it as cancerous, and told him "that although lump [sic] is cancerous it is not serious and needs no treatment[.]" (Doc. 5) ¶ 62. While Plaintiff does not state when the alleged examination occurred, the record indicates that any such examination would have taken place during the period of time that Plaintiff was housed at the State Correctional Institution at Fayette ("SCI-Fayette"), which, according to the record, was from November 19, 2007, to July 8, 2009.[1] (Doc. 5) ¶ 41; see also (Doc. 12) at 1. On October 8, 2009, Plaintiff temporarily was transferred to a different institution for an unspecified length of time, but was returned to SCI-Fayette. See (Doc. 5) ¶¶ 49, 65.

Defendant Myers denies that he ever treated Plaintiff for a lump on his shoulder, or made the above statement. See (Doc. 116-8) ¶¶ 10-11. Defendant Myers asserts that, even if he did treat Plaintiff's lump and make the alleged statement, summary judgment should be granted in his favor for the following reasons.

---

[1] The relevant period of time is further constrained by the fact that none of the claims raised in the initial complaint could post-date June 8, 2009 – the date on which that document was received by this Court. (Doc. 1-2).

2

a. <u>Failure to Exhaust Administrative Remedies</u>

First, Defendant Myers asserts that Plaintiff has failed to exhaust the administrative remedies available to him with respect to this claim and, thus, has procedurally defaulted on it. In support of this argument, Defendant Myers submits a spreadsheet listing Plaintiff's administrative grievances from April 1, 2008, to June 23, 2009. (Doc. 116-5) at 2-8. This spreadsheet indicates the general subject matter of the grievances, such as "Due Process[,]" "Mail[,]" or "Conditions[.]" This spreadsheet also indicates whether appeals were filed, and the disposition of the initial grievances as well as any subsequent appeals. Defendant Myers submits as evidence five grievances, along with their related appeals: grievance numbers 255004, 264337, 232356, 235887, and 237475. These grievances were categorized as relating to "Medical Co-Pay[,]" "Due Process[,]" and "Health Care[.]" <u>Id.</u> at 2-3, 6-7. Grievances 255004, 264337, and 232356 involved allegedly improper deductions from Plaintiff's inmate trust account for medical services related to his refusal to take meals for extended periods of time. <u>Id.</u> at 12, 18, 26. Grievance 235997 involved a request from Plaintiff to receive prescribed medication in a non-powdered form. <u>Id.</u> at 30. Finally, Grievance 237475 involved a request by Plaintiff to review his mental health records. <u>Id.</u> at 35. Plaintiff does not mention in any of these grievances the treatment of a lump on his shoulder, nor do any of the initial grievance forms, appeals, or adjudications name Defendant Myers.

As further support for his argument, Defendant Myers cites to Plaintiff's deposition testimony, in which he admits that he did not file grievances against Defendant Myers with

3

respect to this incident, as well as his belief that it was not necessary for him to exhaust available administrative remedies for health care claims.[2] (Doc. 116-7) at 28-29.

Under the Prisoner Litigation Reform Act ("PLRA"), a mandatory exhaustion requirement exists that mandates the following:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Before filing a civil action, a prisoner-plaintiff must exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001).

The PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004).

In light of the evidence submitted by Defendant Myers, as well as Plaintiff's admission during his deposition that no grievances were filed with respect to Plaintiff's alleged medical condition, or Defendant Myers' alleged failure to treat the same, Plaintiff cannot succeed on this claim. Accordingly, summary judgment should be granted to Defendant Myers.

---

[2] At no point in his deposition does Plaintiff indicate that he was prevented from exhausting his claims against Defendant Myers.

b.  Eighth Amendment Denial of Medical Care

Alternatively, Defendant Myers argues that Plaintiff has failed to demonstrate that he possessed a severe medical condition, or that Defendant Myers was aware of the same. In support of this argument Defendant Myers adduces excerpts of Plaintiff's medical files that relate to examinations that he received from Defendant Myers while Plaintiff was incarcerated at SCI-Fayette. (Doc. 116-6) at 24-31. None of these records indicate that Defendant Myers ever examined a lump in Plaintiff's shoulder.

Defendant Myers also submits excerpts from Plaintiff's medical records from June 11 to September 4, 2009, which indicate that a lump on Plaintiff's shoulder was examined by several medical professionals at the State Correctional Institution at Cresson. Id. at 19, 21. These various medical professionals diagnosed Plaintiff's lump merely as being a lipoma.[3]

Prison officials must ensure that inmates receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In order to succeed on a claim of denial of medical treatment in violation of his Eighth Amendment rights, an inmate must show: (1) that he was suffering from a "serious" medical need; and (2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

There is absolutely no evidence on the record that Plaintiff suffered from cancer during the few times that he was examined by Defendant Myers. To the contrary, Plaintiff's medical records show that the tumor at issue is not cancerous, but is instead a benign lump of fatty tissue that caused him no pain, and for which he received appropriate treatment by several medical professionals. Accordingly, Plaintiff has failed to show a serious medical need.

---

[3] A lipoma is "[a] benign neoplasm of adipose [i.e., fatty] tissue, composed of mature fat cells." It is a synonym for the phrase "adipose tumor." See Stedman's Medical Dictionary 30, 1107 (28th ed. 2006).

5

Plaintiff also has failed to show that Defendant Myers exhibited deliberate indifference. See Farmer v. Brennan 511 U.S. 825, 842, 847 (1994). First, there is no evidence that Defendant Myers ever examined Plaintiff's lipoma, or was aware of its existence. Second, the record indicates that the lipoma is not malignant, and that Plaintiff received treatment for it from several medical providers. There simply is no indication whatsoever that Defendant Myers was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also [drew] the inference." Id. 837. Accordingly, summary judgment should be granted to Defendant Myers.

**2. Defendant Williams**

In the memorandum order of February 2, 2011, Plaintiff's claims against Defendant Williams were dismissed without prejudice to Plaintiff filing an amended complaint which included allegations addressed to her. See (Doc. 120); see also (Doc. 100) at 7. As of the date of this writing, Plaintiff has failed to file a curative amendment.

A district court has the inherent power to dismiss, *sua sponte*, a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Tr.s of New Jersey Brewery Emp.s' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)"). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent

applicable, consider the six factors known as the Poulis factors when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules.  Harris v. City of Phila., 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the decision must be made in the context of the district court's extended contact with the litigant."  Id.

Consideration of the Poulis factors is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*.  There is no indication that he did not receive the memorandum order of February 2, 2011, dismissing his claims against Defendant Williams without prejudice.  The responsibility for his failure to respond with an amended complaint is theirs alone.

(2) Prejudice to the adversary.

Plaintiff has sat on his rights for over six months. Not dismissing his claims against Defendant Williams with prejudice would prejudice Defendants who relied on that order.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and have ignored this Court's order. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with the claims at issue.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, supra. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's order. It is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has not asserted adequate basis in his complaint to conclude that Defendant Williams is liable under 42 U.S.C. § 1983.

In light of the foregoing, the undersigned finds that the Poulis factors strongly weigh in favor of dismissal. Consequently, Plaintiff's claims against Defendant Williams should be dismissed with prejudice.

### 3. Defendant Lt. Vojacek

Finally, the undersigned addresses the issue of Defendant Lt. Vojacek. This Defendant was terminated on October 19, 2009, as it appeared from a reasonable reading of the initial

complaint that Defendant Lt. Vojacek and Defendant Vojacek – both of whom are listed in the caption on the complaint – were the same person. (Doc. 5) at 1. Indeed, there is only one entry for Defendant Vojacek in the parties section of the initial complaint. (Doc. 5) ¶ 17. It was not until Plaintiff's deposition was submitted as evidence in support of Defendant Myers's motion to for summary judgment that it became apparent that Plaintiff raises claims against two Defendants named Vojacek. (Doc. 116-7) at 50. However, Plaintiff's only allegation against Defendant Lt. Vojacek in the complaint is that he granted Plaintiff's request not to be transferred into a cell that had a clogged toilet. (Doc. 5) ¶ 44. Simply put, this is not a constitutional violation, and does not state a claim under section 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986)).

Additionally, it appears that any leave to amend with respect to this Defendant would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Plaintiff states in his deposition that he wishes to raise claims against Defendant Lt. Vojacek because he allegedly placed a "false behavior modified meal ["BMM"] tag" on the door to Plaintiff's cell. See (Doc. 116-7) at 51. It is clear that Plaintiff is refers to an incident that allegedly occurred on November 23, 2008.[4] See id. at 52; see also (Doc. 5) ¶ 55. In his complaint, Plaintiff alleges that he actually was not served BMM, as the tag was removed promptly. (Doc. 5) ¶ 55.

While Plaintiff is unclear under what legal theory he would seek to recover for this alleged act, he testimony implies a claim for retaliation. "Government actions, which standing

---

[4] This conclusion is supported by Plaintiff's arguments in his brief opposing a prior motion for summary judgment. See (Doc. 90) at 3.

9

alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000) (internal quotes and citation omitted); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). In order to succeed on a claim of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). To show an "adverse action," Plaintiff must demonstrate that Defendant's acts were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) (quoting Allah v. Seiverling, 229 F.3d at 225). Plaintiff's claim for retaliation against Defendant Lt. Vojacek fails at this point as a matter of law, as it is clear that a person of ordinary firmness would not be deterred by the placement of a BMM tag that never resulted in being served behavior modified meal.[5]

---

[5] 28 U.S.C. § 1915 requires the federal courts to review complaints filed by persons that are proceeding IFP, and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F.App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a (continued . . .)

10

## III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant Myers's motion for summary judgment (Doc. 113) be granted. It is also recommended that Plaintiff's claims against Defendant Williams be dismissed for failure to prosecute. Finally, it is recommended that Defendant Lieutenant Vojacek be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by September 8, 2011. Failure to file objections will waive the right to appeal. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

August 25, 2011                                           s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States Magistrate Judge

cc:
**TIMOTHY DOCKERY**
BK-8487
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931

---

motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at * 6 (W.D. Pa. Feb. 26, 2009) (Cercone, J.).