IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY DOCKERY, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-732 |
| ) | Judge Terrence F. McVerry/ |
| CAPTAIN LEGGET; CAPTAIN RISKUS; ) | Magistrate Judge Maureen P. Kelly |
| LIEUTENANT LESURE; SERGEANT ) | |
| BERTO; SERGEANT BITTNER; ) | |
| JOHNSON, Correctional Officer; ) | [ECF No. 133] |
| GRIFFIN, Correctional Officer; ) | |
| COLLINS, Correctional Officer; DOBIS, ) | |
| Correctional Officer; RICKET, ) | |
| Correctional Officer; JENNINGS, ) | |
| Correctional Officer; ANKRON, ) | |
| Correctional Officer; VOJACEK, ) | |
| Correctional Officer; CHRIS MYERS, ) | |
| Physician Assistant; NURSE TONY; ) | |
| D.P. BURNS, former Deputy ) | |
| Superintendent; POPOVICH, Unit ) | |
| Manager; BUSH, Sergeant, ) | |
|         Defendants. ) | |

**MEMORANDUM ORDER**

AND NOW, this 19th day of December, 2011, upon consideration of Plaintiff's "Application for Spoliation of Sanction" [ECF No. 133], IT IS HEREBY ORDERED that the motion is DENIED.

**I. BACKGROUND**

Plaintiff is an inmate currently confined at the State Corrections Institute at Frackville ("SCI-Frackville"), where he is serving a life sentence for a 1989 murder.[1]  Plaintiff's motion

---

[1] See, http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-51-CR-0742101-1989.

1

seeks the imposition of sanctions as a result of the alleged destruction and/or alteration of three videos of events surrounding the search of Plaintiff's cell and two forced cell extractions, each necessitated by Plaintiff's refusal to comply with instructions to relinquish handcuffs after the completion of a cell search.

The first videotape at issue was recorded on August 3, 2007, from a camera mounted in the J–D Pod at the State Corrections Institute at Forest ("SCI Forest"), where Plaintiff was incarcerated at the time. Plaintiff alleges that the videotape would show that approximately one hour before a cell extraction, prison guards entered his cell to perform a search and confiscated a purportedly fabricated and forged misconduct report which Plaintiff claims relates to his "unlawful" confinement in a restrictive housing unit. ECF No. 133, p. 2, ¶¶ 9, 11. Plaintiff admits that his anger over the property confiscation led to his subsequent refusal to relinquish his handcuffs which, in turn, led to a planned use of force to extricate Plaintiff from his cell to recover the handcuffs. Id.

Defendants have responded to Plaintiff's discovery request, asserting that because the requested videotape was part of a routine cell search, unrelated to a planned use of force, it was not preserved. ECF Nos. 129, 136. Further, pursuant to the Department of Corrections policy, because the videotape recorded a routine event, given the "quantity of recordings and no requirement for preservation of routine searches," the tape at issue was "recorded over" when the memory card was full, and is no longer available. ECF Nos. 136, 136-2.

The second videotape at issue contains footage taken of the August 3, 2007, cell extraction. Plaintiff alleges that this video, filmed with a handheld camera, is altered because it omits his verbal explanation for his refusal to follow a direct instruction to safely relinquish handcuffs, and only shows footage of the extraction. ECF No. 133, p. 3. In response to this

assertion, Defendants have filed the affidavit of Eric Tice, the Deputy Superintendent at SCI-Forest. Mr. Tice avers that the videotape has not been altered in any way and was stored pursuant to DOC policy in a "safe designated storage area." ECF No, 136-2 p. 2.

The third videotape, taken on November 7, 2008, is also evidence of the forced removal of handcuffs after Plaintiff's refusal to cooperate subsequent to a routine cell search. ECF No. 133, p. 7; Complaint, ECF No. 1-2, ¶ 52. Plaintiff has alleged that he was angry with the "reckless disregard the officer had for [his] personal property while conducting [a] cell search." Plaintiff alleges this video omits footage of the officers "brutally snatching and pulling plaintiff handcuffed hands attached to a tether though the pie slot on the cell door." ECF No. 133, p. 4. Defendants respond that this video has been produced in its entirety and has not been altered in any way. ECF Nos. 136, p. 2; 136-2, p. 2.

Plaintiff contends that the destruction and/or alteration of the videotape evidence entitles him to sanctions, specifically the entry of judgment in his favor, or in the alternative, a spoliation adverse inference instruction, presumably because Defendants should have anticipated litigation arising out of a subsequent cell extraction and preserved each video in its entirety.

## II. DISCUSSION

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F. Supp.2d 332, 335 (D.N.J. 2004)." Fortune v. Bitner, No. 01-111, 2006 WL 839346, *1 (M.D. Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa.2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld

3

was relevant to claims or defenses; and, 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J. 2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J. 2003). Additionally, the United States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336 (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F. Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Baliotis v. McNeil, 870 F. Supp. 1285, 1290 (M.D. Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D. Pa.1996).

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. Schmid, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and, 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and, 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Victor v. Lawler, 2010 WL 521118, 5 (M.D. Pa. 2010).

    **A. Video of Cell Extraction on August 3, 2007.**

The Court finds that the August 3, 2007, video of Plaintiff's cell extraction has been produced. Because a spoliation inference first requires that it appear that there has been actual suppression or withholding of the evidence, the inference is plainly unwarranted. Ogin v. Ahmed, 563 F. Supp.2d. 539, 542 (M.D. Pa.2008). Plaintiff asserts the video is not complete because it does not contain footage of his verbal complaint prior to the extraction that his cell was illegally searched. However, Defendant's failure to turn on the camera at a point in time convenient for Plaintiff does not warrant a finding that evidence has been destroyed or altered when, in fact, the evidence does not exist. As to this claim, Plaintiff's Motion for Spoliation is denied.

    **B. Video of Cell Search on August 3, 2007**.

Similarly, Plaintiff has not alleged the factual predicate for a spoliation inference with regard to the alleged destruction of the video taken with the J-Pod mounted camera on August 3, 2007. As explained in Schmid v. Milwaukee Elec. Tool Corp, supra, a spoliation inference requires a showing of prejudice, which cannot be met with regard to the J-Pod video. First, Plaintiff claims the video will portray an illegal search and seizure of a forged misconduct report, which purportedly formed the basis of his placement in a restricted housing unit. Plaintiff's Complaint makes clear, however, that the allegedly illegally seized misconduct report (No. 641190) was not the basis of any punishment because the charge was dismissed based on the issuing officer's failure to log the report. No. 1-2., p.6, ¶ 32. Second, in a substantial leap of logic, Plaintiff alleges that because misconduct report No. 641190 was not properly logged, a second misconduct report (No. 646820) issued the same day for a separate incident is also

invalid, rendering the existence and analysis of misconduct report No. 641190 vital to establish that Plaintiff was unlawfully placed in a restricted housing unit. Plaintiff's Complaint makes clear, however, that prior to the cell search at issue, Captain Ireland, a shift commander, made a copy of the allegedly seized misconduct report to investigate Plaintiff's claims. Id. at ¶ 34. Thus, a copy of misconduct report does exist and was reviewed by prison authorities. Plaintiff therefore has not suffered any prejudice as a result of the missing J-Pod video depicting the routine search and a spoliation inference regarding the video is not warranted.

### C. Video of Handcuff Removal on November 8. 2008.

Plaintiff also seeks a spoliation inference with regard to the November 8, 2008, JD-Pod video depicting a required use of force necessitated by Plaintiff's admitted refusal to cooperate in the removal of handcuffs. Nos. 133, p.4, ¶¶ 18-20; 1-2, p.11, ¶ 52. Plaintiff complains that the video does not depict the entire incident, because the allegedly wrongful conduct of pulling Plaintiff's hands through the "pie slot" on the cell door to remove his handcuffs is not portrayed. Again, Plaintiff does not meet the threshold for a spoliation inference. First, there is no evidence that the video was altered or destroyed. The fact that the angle of the mounted camera did not permit a complete depiction of the events as Plaintiff alleges does not warrant a finding that the video was altered. Second, in the absence of a serious injury, coupled with Plaintiff's key role in instigating the forced removal of handcuffs, Plaintiff has not stated a claim arising out of the incident and therefore has not suffered the prejudice required for a spoliation inference. See, Freeman v. Department of Corrections, No. 11-1972, 2011 WL 46256712 (3d Cir. 2011)(no claim as a matter of law where Plaintiff played a key role in scuffle resulting from refusal to cooperate in handcuff removal and no serious injury resulted). In the absence of any evidence

that the video was altered or that Plaintiff suffered any prejudice from its unavailability, Plaintiff is not entitled to a spoliation inference.

### III. CONCLUSION

For each of the foregoing reasons, Plaintiff is not entitled to sanctions in the nature of a spoliation inference with regard to any of the videos at issue in Plaintiff's Motion. An appropriate Order follows:

AND NOW, this 19th day of December, Plaintiff's "Application for Spoliation of Sanction" is DENIED.

**IT IS FURTHER ORDERED** that the parties are allowed until January 3, 2012, to appeal this Order to a District Judge pursuant to Rule 72.C.2 of the Local Rules. Failure to timely appeal may constitute waiver of the right to appeal.

/s/ Maureen P. Kelly
United States Magistrate Judge

cc:     Timothy Dockery
        BK-8487
        SCI Frackville
        Frackville, PA 17931

        All counsel of record via CM/ECF