IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| TIMOTHY DOCKERY, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 09-732 |
| | ) Judge Terrence F. McVerry/ |
| CAPTAIN LEGGET; CAPTAIN RISKUS; | ) Magistrate Judge Maureen P. Kelly |
| LIEUTENANT LESURE; SERGEANT | ) |
| BERTO; SERGEANT BITTNER; | ) |
| JOHNSON, Correctional Officer; | ) [ECF Nos. 134, 135, 137 and 145] |
| GRIFFIN, Correctional Officer; | ) |
| COLLINS, Correctional Officer; DOBIS, | ) |
| Correctional Officer; RICKET, | ) |
| Correctional Officer; JENNINGS, | ) |
| Correctional Officer; ANKRON, | ) |
| Correctional Officer; VOJACEK, | ) |
| Correctional Officer; CHRIS MYERS, | ) |
| Physician Assistant; NURSE TONY; | ) |
| D.P. BURNS, former Deputy | ) |
| Superintendent; POPOVICH, Unit | ) |
| Manager; BUSH, Sergeant, | ) |
| Defendants. | ) |


OPINION AND ORDER


Presently before the Court is Plaintiff's Motion for Sanctions [ECF No. 134], Plaintiff's

Motion for In-Camera Review [ECF No. 135], Plaintiff's Motion for Order Compelling

Discovery [ECF No. 137] and Plaintiff's letter motion seeking a pretrial conference and the

appointment of counsel [ECF No. 145]. Through three of these motions, Plaintiff seeks

discovery related to the reasons for his placement in disciplinary or administrative custody with

the Pennsylvania Department of Corrections ("DOC") system, which forms the basis of this civil

rights action against DOC officials and staff. For the reasons set forth below, consideration of

Plaintiff's Motion for Sanctions [ECF No. 134] is denied in part and deferred in part; Plaintiff's

Motion for In-Camera Review [ECF No. 135] is denied; Plaintiff's Motion for Order Compelling

Discovery [ECF No. 137] is granted in part and denied in part; and Plaintiff's Motion for a Pre-

Trial Conference and Appointment of Counsel [ECF No. 145] is denied.

## I.        LEGAL STANDARD

Generally, courts afford considerable latitude in discovery in order to ensure that

litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947). The polestar of

discovery is relevance. Relevance for discovery purposes is defined broadly.

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged

matter that is relevant to any party's claim or defense ... Relevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence." Fed.R.Civ.P. 26(b)(1). "[A]ll relevant material is discoverable unless an

applicable evidentiary privilege is asserted. The presumption that such matter is discoverable,

however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Discovery may

properly be limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is
> obtainable from some other source that is more convenient, less burdensome, or
> less expensive; (ii) the party seeking discovery has had ample opportunity to
> obtain the information sought by discovery in the action; or (iii) the burden or
> expense of the proposed discovery outweighs its likely benefit, considering the
> needs of the case, the amount in controversy, the parties' resources, the
> importance of the issues at stake in the action, and the importance of the
> discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). However, when there is no doubt about relevance, a court should tend

toward permitting discovery. Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144

F.R.D. 258, 265-66 (E.D. Pa.1992).

If party is unable to supply information requested in an interrogatory, the party may not refuse to answer, but must state under oath that he is unable to provide information and set forth the efforts he employed to obtain the information, or an explanation of why no such efforts are necessary. Hansel v. Shell Oil Corp., 169 F.R.D. 303 (E.D. Pa.1996).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, 2009 WL 648986 at *2 (M.D. Pa. Mar.11, 2009).

With these principles in mind, the following rulings and guidance are issued with respect to each of Plaintiff's pending motions.

## II.    DISCUSSION

### A. Motion for Sanctions –  ECF No. 134

#### (1)  Background and Procedural History

On September 28, 2011, Judge Bissoon entered a Case Management Order directing that all outstanding discovery was due no later than October 28, 2011.  [ECF No. 128].  At that time, the Court did not address Plaintiff's Motion for Discovery [ECF No. 124] filed on April 1, 2011, which requested relief in the form of an order compelling responses to a Request for Production of Documents served on Defendant Burns.  This discovery sought the production of documents related to Plaintiff's confinement to a restricted housing unit.[1]  However, Defendant Burns had

---

[1] In particular, Plaintiff sought (1) a copy of complaints against Defendant Burns by staff or inmates; (2) weekly interviews and monthly reviews conducted by disciplinary unit management teams and counselors; (3) a copy of the

been transferred to a different Department of Corrections facility, and responded that he no longer had access to the requested documents and could not produce them.  [ECF No. 129-2]. Defendant Burns also objected that the requests were overly "broad, unduly burdensome, irrelevant, and in many cases privileged and confidential."  [ECF No. 129, ¶2].

On November 4, 2011, this Court entered an Order denying Plaintiff's Motion for Discovery in part, finding that certain requested items did not exist. [ECF No. 132].   The Court determined that some of the requested documents appeared relevant to Plaintiff's claims and, given that Burns no longer had access to the documents, they could be obtained through other Defendants.  In the November 4, 2011 ruling, this Court also granted Plaintiff until December 5, 2011, to obtain this limited portion of the requested discovery through other Defendants. Defendants were also permitted to restate with particularity any objections to the discovery. [ECF No. 132].

### (2)  Popovich Interrogatories and Request for Production of Documents

In contravention of the November 4, 2011 Order, in addition to seeking the Burns discovery, Plaintiff also served Defendant Popovich with a consolidated Set of Interrogatories (not previously forwarded to Burns) and a "Motion for Production of Documents." [ECF No. 134-5].  Defendant Popovich responded by objecting to the Interrogatories, as service occurred after the close of discovery.  Plaintiff then filed the current Motion for Sanctions [ECF No. 134]. Because the Interrogatories directed at Defendant Popovich were served beyond the close of discovery, Defendant properly objected, noting he was not obligated to respond.

---

PRC [Periodic Review Committee] decision with regard to Plaintiff's placement in Administrative Custody at SCI-Fayette; (4) a copy of psychological or psychiatric reports of personal interviews with Plaintiff while housed at SCI-Fayette; (5) a copy of Plaintiff's SMU packet; (6) a copy of Plaintiff's referral packet for the Secure Special Needs Unit with all supporting documentation.

As made clear by this Court's Order dated November 4, 2011, discovery closed on

October 28, 2011. Plaintiff was only granted the limited window (through December 4, 2011) to

resubmit solely the Request for Production of Documents previously directed at Defendant Burns

to another defendant. [ECF No. 134-6]. Plaintiff was not permitted to serve additional

interrogatories. Accordingly, Plaintiff's Motion for Sanctions is denied with respect to the

Popovich "Set of Interrogatories." Nowell v. Reilly, 437 F. App'x 122, 125 (3d Cir. 2011).

With regard to Plaintiff's Motion for Production of Documents [ECF No. 134-5],

Defendant Popovich has apparently produced the majority of documents requested. [ECF Nos.

139-2, 144, p.3, 144-5]. Plaintiff contends he has not received and is entitled to certain

outstanding documents. Based upon his Motion and supporting documentation, the missing

documents appear to include the following, as originally requested on February 2, 2011:

A. A complete special program referral approval/rejection form (refer to Department
   Policy 11.2.1, "Reception and Classification," Section 8, Attachment 8-C), which
   serve as the face sheet when forwarding an SSNU referral packet.
B. DC-46, Vote Sheet.
F. DC-14, Cumulative Adjustment Record (Past three months, unless significant
   details predate the cut-off) *(sic passim)*.[2]

[ECF Nos. 134, 144-3]. Defendants, citing staff member security concerns, have objected to the

production of the "Vote Sheet" and other internal documents reflecting individual staff opinions

relating to the Plaintiff's custody. Given the obvious potential for retaliation against an

individual staff member who has voted to confine an inmate to disciplinary custody, this Court

recognizes that Defendants have a reasonable safety concern if the "Vote Sheet" is produced in

its entirety. Therefore, Defendants are directed to produce a redacted "Vote Sheet" which does

---

[2] Plaintiff's failure to specifically itemize the documents not produced so as to require the Court to speculate as to
the subject of the Motion to Compel constitutes waiver of any other requested document. See, e.g., Baez v. Falor,
No. 09-cv-1149, 2011 WL 3862428, *6, (W.D. Pa. Sept. 1, 2011) (motion to compel properly denied where Plaintiff
failed to provide any detail of any alleged deficiencies in the discovery provided subsequent to first motion to
compel).

not reflect the identity of any participating individual staff member, but merely shows the tally of the casted votes.

With the exception of the "Vote Sheet," it is unclear whether the remaining documents have been provided to Plaintiff or the nature of Defendant's specific objection to producing the documents. Accordingly, consideration of the remainder of Plaintiff's Motion for Sanctions is deferred. On or before February 9, 2012, Defendants are to provide the Court with the status of production of the listed items and, if not produced, the specific objection to production, with appropriate citation to applicable Federal Rules of Civil Procedure, case law and supporting affidavits identifying the basis of the objection. Boilerplate assertions of "security" as a justification for failure to produce are insufficient.[3] In addition, the Defendants are directed to produce a copy of the unproduced documents to the Court for an *in camera* review to permit the Court to consider the basis of any objections.

**B. Motion for Order Compelling Discovery – ECF No. 137**

Plaintiff has filed a motion seeking to compel more complete responses to discovery requests provided by Defendants Vojacek and Lesure. For the reasons set forth below, the Motion to Compel is granted in part and denied in part.

**(1)   Responses of Defendant Vojacek to Interrogatories Nos. 3-4, 6-8 and 10**

---

[3] Fed.R.Civ.P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed.R.Civ.P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa.1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Id. (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa.1982). The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed ... in a manner that ... will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(ii). Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Momah, 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. Id. (citing Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

Plaintiff is dissatisfied with Defendant Vojacek's responses to Interrogatories Nos. 3-4, 6-8 and 10. Interrogatory No. 3 seeks information regarding Defendant Vojacek's presence on the Restricted Housing Unit ("RHU") on November 23, 2008. Defendant Vojacek previously responded that he could not recall whether he was present that day; however, counsel for Defendants has reviewed personnel records and has verified Defendant's presence in the RHU on November 23, 2008, and provided an affirmative response. The Motion to Compel with regard to Interrogatory No. 3 therefore is denied.

The remaining interrogatories seek information regarding the circumstances surrounding Plaintiff's placement on a "Behavior Modified Meal" Plan on November 23, 2008. Defendant Vojacek has responded that he does not recall. As stated *supra*, this response is insufficient. It may be that he truly does not recall the circumstances at issue, but he must also set forth the efforts he has employed to locate the relevant information to refresh his recollection. See, Rega v. Beard, No. 08-156, 2010 WL 2404420, *2 (W.D. Pa. 2011). Accordingly, Defendant Vojacek is directed to supplement his response to Interrogatories Nos. 4, 6-8 and 10 and, to the extent he does not recall, describe the efforts he has undertaken to refresh his recollection relative to the Plaintiff's placement on the identified meal plan.

### (2) Medical records of Defendant Vojacek

Plaintiff also seeks to compel the production of Defendant Vojacek's medical records arising out of an incident where the Plaintiff sprayed urine and fecal matter from his toilet into Defendant's eyes while Defendant was turning off the water supply to Plaintiff's purportedly broken toilet.[4] Defendant Vojacek has objected that his medical records are confidential and, in the absence of a cross-claim for payment of the expenses, irrelevant. Plaintiff counters that the documents are relevant to his allegation that Defendant Vojacek fabricated a portion of the

---

[4] Requests for Production Nos. 6-7; ECF No. 137-1, p. 9.

misconduct report arising out of the incident.  Plaintiff contends that the allegation that

Defendant Vojacek received medical treatment as a result of the assault by Plaintiff was

fabricated as there is no evidence that medical treatment was received.  This Court notes that

Plaintiff has previously conceded that the incident did occur.  [ECF No. 141-2, p. 20].  Plaintiff

also admitted that he was assessed $35 for the "cost of medical treatment incurred."  Id. at 17.

The relevance of the records relating to the medical examination and/or treatment of

Defendant Vojacek after the incident is dubious at best.  At most, the records may be relevant

because they relate to Plaintiff's theory that his placement is disciplinary custody was predicated

upon fabricated misconduct reports, including a report related to the incident involving the

spraying of urine and fecal matter on the Defendant Vojacek by Plaintiff.  Given the broad

mandate of Federal Rule of Civil Procedure 26(a), Defendant Vojacek is directed to produce a

record of the medical visit related to the December 30, 2008 incident.  The record may be

redacted so as to maintain the confidentiality of the specifics of Defendant's unrelated medical

history and may simply constitute a copy of a sufficiently redacted invoice or other medical

record indicating only that the Defendant received an examination arising out of the incident.

The redacted record must be produced by February 9, 2012.

### (3) "Behavior Modified Meal" document from November 23, 2008

Plaintiff seeks to compel production of a copy of a "Behavior Modified Meal" document

that Defendant Vojacek allegedly placed on Plaintiff's door on November 23, 2008. [ ECF No.

137-1, p. 9]. Defendant has responded that he does not have a copy of this document.  Defendant

Vojacek is directed to produce a copy of the document or a detailed statement identifying the

efforts undertaken to locate the document at issue.  Rega v. Beard, supra.  The document or

affidavit must be produced by February 9, 2012.

**(4)    Request for Medical Records of Defendant Vojacek from Defendant Lesure**

With regard to Defendant Lesure, Plaintiff seeks the production of Defendant Vojacek's

medical records arising out of the December 30, 2008 incident and a copy of a Department of

Corrections policy regarding "when DOC staff are permitted to write a misconduct report for

another staff."  Defendant Lesure appropriately responded that he cannot produce another party's

medical records and that he has provided a copy of the requested policy.  Accordingly, Plaintiff's

Motion for Order Compelling Discovery as to the identified document requests of Defendant

Lesure is denied.

**(5)    Interrogatories directed at Defendants Riskus and Leggett**

Plaintiff also seeks an order compelling both Defendant Riskus and Legett to respond to

Plaintiff's Second Set of Interrogatories and Motion for Production of Documents, which were

served on October 12, 2011 and October 29, 2011.  [ECF Nos. 137-3 and 137-4].   Given that

discovery in this action closed on October 28, 2011, Defendants properly objected that the

requested discovery was not timely served.  Accordingly, Plaintiff's Motion to Compel responses

to this supplemental discovery is denied.  Nowell v. Reilly, 437 F. App'x 122, 125 (3d Cir.

2011).

**C. Motion for *In Camera* Review – ECF No. 135**

Plaintiff has requested that the Court conduct an *in camera* inspection of two documents

that set forth the procedures of the Department of Corrections regarding the use of force (Policy

6.3.1) and the administration of security in Level 5 Housing (Policy 6.5.1).  [ECF No. 135].

Defendants have objected to the production of these two documents, citing the narrow discovery

permitted by this Court's Order dated November 4, 2011.  In addition, Defendants also objected

on the grounds that the documents are privileged as well as confidential, and that providing the

security documents and procedures to an inmate can pose a security risk to staff, inmates and the DOC facility. [ECF No. 134-6]. Plaintiff acknowledges that he has reviewed Policy 6.5.1. [ECF No. 140, p.2]. Accordingly, Plaintiff's Motion with regard to Level 5 Housing procedures (Policy 6.5.1) is denied.

With regard to Plaintiff's request for the procedures governing the use of force (Policy 6.3.1), the Motion for *In Camera* Review is denied on two grounds. First, Plaintiff has utterly failed to assert even minimal relevance of DOC Policy 6.3.1 to his claims and therefore his Motion for *In Camera* Review should be denied on this basis alone. Second, if it is presumed that Plaintiff intends to argue that the Defendants violated their own procedures in certain respects with regard to Plaintiff's incarceration, proof of a violation of procedure is not proof of a constitutional violation. Rega v. Beard, No. 08-156 (W.D. Pa. March 24, 2010) [ECF No. 333, p.13]. "Further, the DOC certainly has a legitimate expectation that [a] prisoner will not be given complete access to … internal operating procedures," particularly with respect to the use of force to re-establish security within a facility. Id. In this case, any marginal relevance the procedure manual may have is outweighed by legitimate DOC security concerns. Accordingly, Plaintiff's Motion for *In Camera* Review is denied. See, also, Victor v. Lawler, No 08-1374, 2011 WL 1884616 (M.D. Pa. May 18, 2011).

**D. Motion for Pre-trial Conference and Appointment of Counsel – ECF No. 145**

Plaintiff has filed a letter motion, seeking the scheduling of a pre-trial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. In his letter, Plaintiff asserts that the conference is overdue in part due to the reassignment of counsel for Defendant and in part "due to the last magistrate judge assigned to this case who as you can see failed to effective and expeditiously administrate the business of the court in this case." Plaintiff further contends his

case "is still being mismanaged." He also raises the likelihood that he will file "a complaint with the Court of Appeals (3rd Circuit) and/or filing a complaint with the Department of Justice."

Pursuant to the Local Rules of Court for the United States District Court for the Western District of Pennsylvania, the scheduling of pretrial conferences is at the discretion of the Court and "scheduling conferences **shall not be conducted in any civil action involving … prisoner civil rights**, unless the Court to whom the case is assigned directs otherwise."  LCvR 16.1.A.6 (emphasis supplied).  Plaintiff's Motion for a Pre-Trial Conference is denied at this time.

Plaintiff also requests the appointment of counsel in this matter. This request is Plaintiff's fourth request for appointment of counsel.  Plaintiff has not indicated any change in the circumstances of the litigation of this matter warranting a different result.  For the reasons set forth in the Court's Orders dated June 29, 2009 [ECF No. 9] and November 30, 2009 [ECF No. 110], Plaintiff's request for the appointment of counsel is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Failure to file a timely appeal will constitute a waiver of any appellate rights.


BY THE COURT,


/s/    Maureen P. Kelly
United States Magistrate Judge

Date: January 9, 2012

cc:    Timothy Dockery
       BK-8487
       SCI Frackville
       Frackville, PA 17931

11